GEOFFREY BAUMANN D/B/A BAUMANN BUILDING AND COMPANY v. MR. PETER SMITH AND WIFE, MRS. MIMI SMITH

No. 61

(Filed 4 December 1979)

Contracts § 27.1— contract alleged and denied—summary judgment inappropriate

    In an action to recover for construction work on defendants' home renovation project, the trial court erred in entering summary judgment for defendants where defendants' affidavit submitted in support of their summary judgment motion did not challenge or alter the fact that the complaint alleged, and the answer denied, the existence of a contract between the parties, and defendants therefore did not meet their burden of proving that there was no genuine issue of fact.

    Justice CARLTON did not participate in the consideration or decision of this case.

ON appeal by plaintiff from the decision of the North Carolina Court of Appeals, reported in 41 N.C. App. 223, 254 S.E. 2d 627 (1979), which affirmed the judgment of *Brown, J.*, entered at 15 May 1978 Civil Session of EDGECOMBE Superior Court granting defendants' motion for summary judgment.

Plaintiff instituted this action to recover for services and materials furnished to defendants incident to renovations made on their home. Plaintiff alleged in his verified complaint that he is a cabinetmaker who also engages in residential construction; that in March 1977, plaintiff, Lee Miles, a building contractor, and defendants conferred, and plaintiff reached an agreement with defendants "that the Plaintiff would proceed with the construction of the cabinets and other renovations to the residence of the Defendants as the Defendants would direct;" that plaintiff would

Baumann v. Smith

be compensated at an hourly rate and defendants would pay for materials as required; that between 23 March 1977 and 15 April 1977, plaintiff furnished materials and rendered services to and under the direct supervision of defendants; that he submitted a statement for $6,520.16 to Miles "as agent for the Defendants" and to the defendants directly for the services and materials; and that when defendants refused to pay the statement, plaintiff ceased work and filed a notice of claim of lien upon defendants' residence pursuant to Article 2 of Chapter 44A of the General Statutes.

Plaintiff seeks to recover upon an express contract or, alternatively, on the basis of quantum meruit upon an implied contract between plaintiff and defendants.

Defendants denied the material allegations of the complaint and by way of further defense alleged that they entered into a contract with Lee Miles for the renovation of their home. Defendants alleged that they never had any agreement with plaintiff concerning the renovation of their home; that defendants neither controlled nor supervised plaintiff's work; and that Lee Miles was not authorized by them to contract with plaintiff in any manner. Defendants further alleged that the notice of claim of lien filed by plaintiff is a subcontractor's lien, in which plaintiff stated that the labor and materials were furnished to defendants' property pursuant to an agreement between plaintiff and Lee Miles. Defendants alleged in the alternative that plaintiff breached the contract by failing to complete the work contemplated and by refusing to work under defendants' direction and supervision.

Defendants moved for summary judgment pursuant to G.S. 1A-1, Rule 56. At a hearing on the motion, defendants submitted the following affidavit in support of their motion:

The undersigned, being first duly sworn, do hereby state to the Court:

1. That they do reaffirm the statements in paragraphs nos. 29 through 44 of the verified Answer filed in this case and ask that said paragraphs of said Answer be incorporated herein as if fully set out.

2. That the undersigned did enter into an agreement dated January 5, 1976 [sic] on or about January 5, 1977, with Lee Miles, a copy of which is attached hereto.

Plaintiff submitted no affidavits or other documents in opposition to defendants' motion.

The trial court allowed defendants' motion for summary judgment. In an opinion by Judge Carlton, Judge Vaughn concurring, the Court of Appeals affirmed. Judge Clark dissented. Plaintiff appealed to this Court as a matter of right pursuant to G.S. 7A-30(2).

*Frank M. Wooten, Jr., by Thomas B. Carpenter, Jr., for plaintiff appellant.*

*Taylor, Brimson & Aycock by James C. Marrow, Jr., for defendant appellees.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether the Court of Appeals erred in affirming the trial court's granting of summary judgment for defendants. Plaintiff contends that defendants failed to meet their burden of showing that there was no genuine issue as to any material fact, and consequently summary judgment should not have been granted even though plaintiff offered no proof in opposition to the motion.

G.S. 1A-1, Rule 56 (Summary judgment), the statute pertinent to the decision of this appeal, provides in part:

(c) . . . The [summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law . . . .

\* \* \*

(e) . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in

this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The summary judgment rule is for the disposition of cases where there is no genuine issue of fact and its purpose is to eliminate formal trials where only questions of law are involved. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). "Two types of cases are involved: (a) Those where a claim or defense is utterly baseless in fact, and (b) those where only a question of law on the undisputable facts is in controversy and it can be appropriately decided without full exposure of trial." *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972); *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972).

"In ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any issue of genuine material fact." *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). The movant always has the burden of showing that there is no triable issue of fact and that he is entitled to judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). In considering the motion, the trial judge carefully scrutinizes the papers of the moving party and resolves all inferences against him. *Kidd v. Early, supra; Caldwell v. Deese, supra.*

In interpreting G.S. 1A-1, Rule 56, we have recognized that under some circumstances the trial judge may properly deny the motion for summary judgment even when the nonmoving party fails to offer competent counter-affidavits or other evidence as provided by the statute.

In *Savings & Loan Association v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972), the plaintiff opposed a motion for summary judgment but filed no counter-affidavit or other evidence in opposition thereto. In reversing the trial court's granting of the motion, this Court concluded that the defendant's supporting affidavit, even if treated as having complied with the requirements of Rule 56(e), failed to satisfy his burden as the moving party. Justice Lake writing for the Court noted:

> Irrespective of who has the burden of proof at trial upon issues raised by the pleadings, upon a motion for summary

judgment the burden is upon the party moving therefor to establish that there is no genuine issue of fact remaining for determination and that he is entitled to judgment as a matter of law (Citation omitted) . . . . "If the movant's forecast [of evidence which he has available for presentation at trial] fails to do this, summary judgment is not proper, whether or not the opponent responds." Thus, . . . (Citation omitted), "The evidentiary matter supporting the moving party's motion may not be sufficient to satisfy his burden of proof, even though the opposing party fails to present any competent counter-affidavits or other materials."

*Id.* at 51-52, 191 S.E. 2d at 688.

In light of the principles of law discussed above, we now consider the circumstances of the instant case. Here, defendants in moving for summary judgment submitted a supporting affidavit which on its face merely reaffirmed certain paragraphs of the verified answer and stated that defendants entered into an agreement with Lee Miles, a copy of which was attached. Plaintiff did not submit an opposing affidavit but elected to stand on his verified complaint.

The submitted affidavit did not challenge or alter the fact that the complaint alleged, and the answer denied, the existence of a contract between the parties. The defendants did not meet their burden of proof, and we hold that summary judgment was not "appropriate" within the meaning of Rule 56(e). To hold otherwise would permit a movant under these circumstances to deprive the opposing party of a trial even though a genuine issue of material fact is presented.

For the reasons stated above, the decision of the Court of Appeals upholding summary judgment for the defendant is

Reversed.

Justice CARLTON did not participate in the consideration or decision of this case.