GABE KAIMOWITZ v. DUKE LAW JOURNAL

No. 8314SC788

(Filed 15 May 1984)

Contracts § 27.1— existence and breach of contract—genuine issues of material fact

> The evidence on motion for summary judgment was sufficient to raise genuine issues of material fact as to the existence and breach of a contract between plaintiff attorney and defendant Duke Law Journal for plaintiff to write a book review for publication by defendant.

ON writ of certiorari to review the orders of *Preston, Judge*, entered in Superior Court, DURHAM County, on 16 August and 16 December, 1982. Heard in the Court of Appeals 3 May 1984.

Plaintiff filed this action on 28 April 1981, alleging the existence of a contract between plaintiff and defendant and a breach of that contract by defendant, and seeking compensatory damages in the amount of $10,000.00. By order entered 16 August 1982, the court granted summary judgment for defendant. Plaintiff filed notice of appeal on 20 August 1982 and, under the appeal entries signed by Judge Preston on 23 August, was allowed thirty days within which to make up and serve his proposed record on appeal. Plaintiff submitted a proposed record on appeal on 23 September and on 24 September defendant filed a motion to dismiss plaintiff's appeal on the grounds that it was not timely filed. On 18 October plaintiff sought judicial settlement of the record on appeal. On 16 December, following a hearing on both motions, Judge

Preston allowed defendant's motion to dismiss the appeal and denied plaintiff's request for settlement of the record. Plaintiff sought review of the orders entered 16 August and 16 December by petition for writ of certiorari, which was allowed by this Court on 1 March 1983.

*Gabe Kaimowitz, pro se, for plaintiff, appellant.*

*Powe, Porter and Alphin, P.A., by Patricia H. Wagner, for defendant, appellee.*

HEDRICK, Judge.

Plaintiff first assigns as error the court's grant of summary judgment for defendant, contending that the pleadings and affidavits before the trial judge were sufficient to raise genuine issues of material fact as to the existence of a contract between the parties, the terms of the contract, and breach of the contract by defendant. We agree and thus hold that the court erred in granting summary judgment for defendant. We base our decision on an examination of the record, which discloses the following information:

Defendant Duke Law Journal is a student organization that periodically publishes material of legal interest. Plaintiff is an attorney, licensed to practice in New York and Michigan.

Plaintiff's complaint, filed on 28 April, 1981, contains the following allegations:

(6) On or about March 6, 1980, the then project editor of the defendant Duke Law Journal solicited in writing from the plaintiff a book review of *Before Beyond the Best Interests of the Child* by Freud et al . . . (See Attachment A).

(7) The plaintiff accepted the defendant Journal's offer to write the book review, said acceptance being in March of 1980. Plaintiff's acceptance was confirmed in writing by the defendant Vernon on March 13, 1980 (See Attachment B) and the submission date for the review was set at May 8, 1980. Defendant Vernon indicated in his March 13, 1980 letter that the initial editing and cite checking of the plaintiff's review would be scheduled for the week following May 7, 1980.

(8) Between March 13, 1980 and May 8, 1980, the plaintiff diligently performed work, labor and services for the defendants in reading the subject book, doing the necessary research and in compiling and writing the solicited book review. Said book review was submitted by the plaintiff to the defendants Vernon and Duke Law Journal by the May 8, 1980 deadline.

(9) Despite the fact that during the summer of 1980, the plaintiff was available at the address and telephone number which he had provided to the defendant Vernon and other agents of the defendant Law Journal, the plaintiff received no communications from the defendants over the summer months of 1980.

(10) During the last week of August, 1980, the plaintiff went to the office of the defendant Law Journal and spoke with the defendant Vernon concerning the book review. At that time the defendant Vernon confirmed the acceptance of the review and assured the plaintiff that the review was of "publishable quality," although the defendant Vernon stated that he had problems with the plaintiff's "verbal style."

(11) In August of 1980, the defendant Vernon assured the plaintiff that he, the plaintiff, could continue to list the review on his resume as an article to be published.

(12) Despite the defendant Vernon's acceptance of the plaintiff's review and despite his assurances that the review was of "publishable quality" and would be published, the defendant Vernon, acting as the agent of the defendants herein, breached the contract between the parties by informing the plaintiff both verbally and in writing in October of 1980 that the review was not of publishable quality, and by refusing to publish the review in the defendant Law Journal. (See Attachment C). Upon information and belief, the actual basis for the defendant Vernon's ultimate decision not to publish plaintiff's review was Mr. Vernon's personal disagreement with the content of the review, particularly the criticism of the subject book expressed in the review.

(13) The plaintiff has at all times performed according to the contract between the plaintiff and the defendants. Such

services performed by the plaintiff were reasonably worth $2500.00.

The verified answer filed by defendant denied all of the above allegations, based on defendant's assertion that "Defendant Duke Law Journal is without knowledge or information sufficient to form a belief as to the truth of the allegations." Defendant's motion for summary judgment was supported solely by the affidavits of three men who serve as deans of three law schools. Each affidavit contained identical information. That supplied by Paul Carrington, Dean of Duke Law School, is set out below:

1. I am the Dean of Duke Law School. In that capacity, I have become personally familiar with the policies and procedures of the Duke Law Journal concerning acceptance for publication of articles and book reviews solicited by the Law Journal.

2. An article or book review submitted pursuant to solicitation from the Law Journal must be of publishable quality before it will be considered for publication. Whether an article or review is of publishable quality depends on the ultimate determination of an editorial board after an initial evaluation by a screening editor. The Law Journal does not guarantee publication of an article or book review to any writer. Moreover, unless expressly agreed, no writer receives financial compensation from the Law Journal for time spent in research or writing of an article or review submitted for publication.

3. In my experience as Dean, I have had substantial contact with deans, faculty, and law review staffs at many other law schools throughout the United States. Through these contacts, I have learned that Duke Law Journal's policies and procedures with respect to articles and reviews solicited for publication are generally accepted by all of the comparable law journals of which I have knowledge.

In response to defendant's motion, plaintiff filed an affidavit in which he repeated and elaborated on the allegations contained in the complaint and set out above.

On a motion for summary judgment, the movant bears the burden of demonstrating to the court that there exists no genuine

issue of material fact and that he is entitled to judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978). We find the statements of our Supreme Court in *Baumann v. Smith*, 298 N.C. 778, 260 S.E. 2d 626 (1979) dispositive of the case before us:

> The . . . affidavit [submitted by the defendant in support of his motion for summary judgment] did not challenge or alter the fact that the complaint alleged, and the answer denied, the existence of a contract between the parties. The defendants did not meet their burden of proof, and we hold that summary judgment was not "appropriate" within the meaning of Rule 56(e). To hold otherwise would permit a movant under these circumstances to deprive the opposing party of a trial even though a genuine issue of material fact is presented.

*Id.* at 782, 260 S.E. 2d at 628-29. In this case, as in *Baumann*, defendant has failed to carry its burden. Because a genuine issue of material fact as to the existence of a contract between plaintiff and defendant is raised by the pleadings and plaintiff's affidavit, summary judgment for defendant was improper.

Our disposition of this case renders unnecessary a discussion of plaintiff's second assignment of error.

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.