THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY v. ROBERT M. TALFORD

No. 379A11

(Filed 14 June 2012)

**Hospitals and Other Medical Facilities— amount billed for services—reasonable—summary judgment**

Plaintiff-hospital's motion for summary judgment on an action to collect payment for medical services was correctly granted by the trial court and incorrectly reversed by the Court of Appeals where only the amount of the services was in dispute and plaintiff's affidavits that the amount defendant owed was reasonable were minimally sufficient given the affiants' positions in plaintiff's organization and the inference that they had the requisite personal knowledge and would be competent to give the testimony contained in their affidavit. Defendant's affidavit in opposition to summary judgment listed the amounts plaintiff billed for certain medicines and the lower prices defendant could find a retail pharmacy; however, plaintiff-hospital and a retail pharmacy were selling two different products in two different markets and the price differences were not relevant to the issue of whether the amount charged was reasonable.

Justice HUDSON dissenting.

Justice TIMMONS-GOODSON joins in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 714 S.E.2d 476 (2011), affirming in part and reversing in part an order of summary judgment entered on 1 April 2010 by Judge Timothy L. Patti in Superior Court, Mecklenburg County, and remanding for further proceedings. Heard in the Supreme Court on 13 February 2012.

> *McIntosh Law Firm, P.C., by Prosser D. Carnegie, James C. Fuller, and Robert G. McIntosh, for plaintiff-appellant.*

> *Robert M. Talford, pro se, defendant-appellee.*

> *Ott Cone & Redpath, P.A., by Thomas E. Cone and Brandon W. Leebrick, for Duke University Medical Center, Mission Hospitals, Inc., Moses H. Cone Memorial Hospital Operating Corporation, North Carolina Baptist Hospital, and WakeMed Medical Center; and Linwood Jones, General Counsel, for North Carolina Hospital Association, amici curiae.*

NEWBY, Justice.

In this action to collect payment for the provision of medical services we must ascertain whether the trial court properly entered summary judgment for plaintiff. To do so, we must first determine whether a medical services provider forecasts sufficient evidence of its right to payment when it submits only affidavits from its employees that state the amount of its bill and assert the amount is reasonable. Second, we must decide whether a patient's affidavit that illustrates the differences between the retail price of, and the amount charged by the medical center for, certain medications establishes an issue of material fact regarding the reasonableness of the medical center's fee, thus preventing entry of summary judgment on that issue. We hold that the medical center's affidavits are minimally sufficient and that the patient's affidavit, standing alone, fails to show that an issue of material fact remains for trial. Accordingly, we reverse the decision of the Court of Appeals.

On 15 October 2009, plaintiff sued defendant seeking to recover the value of medical services it provided him while he was admitted to its medical center from 5 November to 8 November 2007. Plaintiff alleged that it "provided hospital care, medical treatment services, medical supplies, and other goods and services" to defendant while he was a patient at the facility. Pleading several theories of recovery,

plaintiff contended that defendant owed it "not less than" $14,419.57, which, according to plaintiff, represented the "fair and reasonable value of the goods and services" it provided to defendant. James D. Robinson, plaintiff's Manager of Patient Financial Services, Legal Accounts, verified the complaint and further supported the allegations by a personal affidavit. Plaintiff attached to the complaint a document entitled "Legal Account Balance Summary Sheet" for patient Robert M. Talford, showing an account balance of $14,419.57.

Defendant answered plaintiff's complaint on 28 December 2009, admitting that from 5 November to 8 November 2007 he was a patient at plaintiff's medical center and that plaintiff "provided hospital care, medical treatment services, medical supplies, and other goods and services" to him during that time. Defendant denied, however, that the "fair and reasonable value" of those goods and services was $14,419.57.

On 2 February 2010, plaintiff moved for summary judgment against defendant in the amount of $14,419.57 for the medical care he had received. Plaintiff informed the trial court in its motion that defendant had admitted in his answer to its verified complaint that he had received treatment at plaintiff's facility, but that defendant had made no counterclaim, nor had he admitted the amount owed. Accordingly, the only unresolved issue was the amount of plaintiff's recovery. In support of its contention that it should receive the amount sought, plaintiff submitted several affidavits. Mr. Robinson swore that according to plaintiff's business records, defendant owed $14,419.57. John Baker, M.D., plaintiff's Vice President, Medical Education, stated in his affidavit that the "treatment reflected in [defendant's] medical record was reasonable and medically necessary for the health and well-being of" defendant. Sunny Sain, plaintiff's Director, Revenue Management, averred that the amount plaintiff charged defendant was reasonable because it was consistent with amounts charged to all similarly situated patients, was "within industry norms for similar facilities providing similar services at similar levels of care," and was "compliant with various published billing and charging regulations and guidelines, including those of the Center for Medicare and Medicaid Services."

On 24 March 2010, defendant responded by affidavit and unsuccessfully urged the trial court to deny plaintiff's summary judgment motion. In his affidavit defendant asserted that the amount plaintiff charged him "exceed[ed] the charges made and paid by other patients in the defendant's medical condition" and that plaintiff's

"charges are not reasonable for the medical care necessary to control the defendant's medical condition." Additionally, defendant said

2. That [his] hospital bill has a cost of $18.40 for one tablet of Diltiazem, and [his] prescription from CMC Pharmacy cost $23.00 for thirty (30) tablets;

3. That [his] hospital bill has a cost of $406.50 for one unit of Enoxaparin sodium, 120 mg syringe, and the cost for this item is $278.00 for ten units; [and]

4. That [his] hospital bill has a cost of $1.45 per unit for a folic acid 1 mg tablet, and the cost at a local pharmacy is $4.00 for thirty 1 mg tablets[.]

On 1 April 2010, the trial court determined that there was no genuine issue of material fact and that plaintiff was entitled to judgment in the principal amount of $14,419.57, plus interest. Defendant gave notice of appeal.

The Court of Appeals reversed the trial court's decision only on the issue of damages, stating that though defendant did not contest liability, an issue of material fact remained on the amount owed. *Charlotte-Mecklenburg Hosp. Auth. v. Talford*, —— N.C. App. ——, ——, 714 S.E.2d 476, 478 (2011). The Court of Appeals observed that in North Carolina, a medical provider is generally entitled to recover the " 'reasonable value of his services.' " *Id.* at ——, 714 S.E.2d at 479 (quoting *Forsyth Cnty. Hosp. Auth. v. Sales*, 82 N.C. App. 265, 266, 346 S.E.2d 212, 214, *disc. rev. denied*, 318 N.C. 415, 349 S.E.2d 594 (1986)). The majority concluded, however, that plaintiff had not forecast sufficient evidence to establish that the amount of its invoice represented the reasonable value of its services, primarily questioning the credibility of plaintiff's affiants. *Id.* at ——, ——, 714 S.E.2d at 480, 483-84. The Court of Appeals majority also observed that defendant generally challenged the reasonableness of the amount he was billed for plaintiff's services and specifically asserted facts indicating that plaintiff billed him an unreasonable amount, thus precluding summary judgment on this issue. *Id.* at ——, ——, 714 S.E.2d at 480, 485-86. The dissenting judge would have affirmed the trial court's decision to grant summary judgment on this issue, *id.* at ——, 714 S.E.2d at 487 (Ervin, J., dissenting), contending that plaintiff "forecast sufficient evidence tending to show . . . that the amount of that bill was reasonable in light of prevailing market conditions," *id.* at ——, 714 S.E.2d at 492, and that the factual information contained in

defendant's affidavit was irrelevant in determining the reasonableness of plaintiff's bill, *id.* at ——, 714 S.E.2d at 494. Plaintiff gave notice of appeal based on that dissenting opinion.

Our task now is to determine whether the trial court properly entered summary judgment in favor of plaintiff on the issue of damages. To do so we will analyze de novo the evidentiary forecast on which the trial court relied in making its decision that the fee charged by plaintiff was reasonable. *See Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC,* —— N.C. ——, ——, 723 S.E.2d 744, 747 (2012) (citation omitted). Before we do so, however, a brief review of our relevant Rules of Civil Procedure and precedent on summary judgment is in order.

Rule 56 of our Rules of Civil Procedure addresses summary judgment. N.C.G.S. § 1A-1, Rule 56 (2011). Rule 56 states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Id.* Rule 56(c). Though affidavits are not required, any affidavits submitted in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* Rule 56(e).

A trial court may enter summary judgment on a claim in favor of a movant that has the burden of proof so long as certain conditions are met. *Kidd v. Early,* 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976).

> To be entitled to summary judgment the movant must still succeed on the basis of his own materials. He must show that there are no genuine issues of fact; that there are no gaps in his proof; that no inferences inconsistent with his recovery arise from his evidence; and that there is no standard that must be applied to the facts by the jury. Further, if the affidavits seem inherently incredible; if the circumstances themselves are suspect; or if the need for cross-examination appears, the court is free to deny the summary judgment motion.

*Id.* If a movant makes an adequate showing, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." N.C.G.S. § 1A-1, Rule 56(e). Particularly relevant to the case *sub judice*, this Court has previously held that

> summary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate.

*Kidd*, 289 N.C. at 370, 222 S.E.2d at 410.

Plaintiff had the burden to demonstrate the reasonable value of the medical services it provided defendant. Plaintiff's complaint states two causes of action against defendant addressing its provision of medical care: (1) "Implied Contract and Quantum Meruit"; and (2) "Guaranty of Payment." But neither plaintiff's motion for summary judgment nor the trial court's order allowing that motion stated on which claim defendant is required to pay plaintiff $14,419.57. The Court of Appeals majority stated that the trial court entered summary judgment on plaintiff's *quantum meruit* claim and determined that on such a claim plaintiff would be entitled to damages equal to the reasonable value of the medical services provided. *Charlotte-Mecklenburg Hosp. Auth.*, —— N.C. App. at ——, 714 S.E.2d at 478-80 (majority). The dissenting judge reasoned that the trial court granted summary judgment on a theory of express contract, but explained that because the amount to be paid was not sufficiently definite, plaintiff was entitled to the reasonable value of its services. *Id.* at ——, 714 S.E.2d at 487-90 (Ervin, J., dissenting). As a result, both the majority opinion and the dissenting opinion conducted the same analysis of the damages issue. *Id.* at ——, 714 S.E.2d at 478 (majority); *id.* at ——, 714 S.E.2d at 489-93 (Ervin, J., dissenting). It seems neither party has challenged this approach. Accordingly, we will examine the forecasted evidence to see if there is a genuine issue of material fact regarding whether plaintiff's bill represents the reasonable value of plaintiff's medical services.

The reasonable value of a service is ascertained by examining the market for that service. *Cline v. Cline*, 258 N.C. 295, 300, 128 S.E.2d 401, 404 (1962). ("Many factors serve to fix the market value of an article offered for sale. Supply, demand, and quality (which is synonymous with skill when the thing sold is personal services) are prime

factors."). This Court has said that it is appropriate when determining what a service is "reasonably worth" to look to "the time and labor expended, skill, knowledge and experience involved, and other attendant circumstances, rather than . . . the benefit to the person for whom the services are rendered." *Turner v. Marsh Furn. Co.*, 217 N.C. 695, 697, 9 S.E.2d 379, 380 (1940) (citations omitted). Those "other attendant circumstances" include the rates charged by similar market participants in similar geographic areas to perform similar work at the relevant time. *See Envtl. Landscape Design Specialist v. Shields*, 75 N.C. App. 304, 307, 330 S.E.2d 627, 629 (1985) (citations omitted). But while a party's bill for services may be some evidence of the value of the work performed, *Hood v. Faulkner*, 47 N.C. App. 611, 617, 267 S.E.2d 704, 707 (1980) (citations omitted), a ledger sheet showing the amount an individual wants to be paid for a service the provider contends was performed is not sufficient, standing alone, to establish a service's market value, *Harrell v. W.B. Lloyd Constr. Co.*, 41 N.C. App. 593, 596, 255 S.E.2d 280, 281-82 (1979), *aff'd*, 300 N.C. 353, 266 S.E.2d 626 (1980). A service provider's speculative estimate of the market value of the service, without some reference or comparison to a "community or industry standard," is similarly insufficient, standing alone, to establish a service's market value. *Paxton v. O.P.F., Inc.*, 64 N.C. App. 130, 134, 306 S.E.2d 527, 530 (1983). These principles apply equally when determining the reasonable value of medical services. *E.g.*, *Sherman Hosp. v. Wingren*, 169 Ill. App. 3d 161, 164, 523 N.E.2d 220, 222 (1988) ("A hospital must establish that its charges are reasonable in that they are the usual and customary charges of that particular hospital and are comparable to the charges of other area hospitals." (citation omitted)).

Plaintiff forecasted evidence that the amount it billed defendant represented the reasonable value of the services it provided. Plaintiff alleged in its complaint that defendant owed $14,419.57 and that the amount defendant owed was reasonable "given that they are standard charges rendered to all patients receiving similar types of services, they are within industry norms for similar facilities providing similar services at similar levels of care, and they are compliant with various published billing and charging regulations and guidelines, including those of the Center for Medicare and Medicaid Services." Plaintiff's complaint was verified by plaintiff's Manager of Patient Financial Services, Legal Accounts. Along with its motion for summary judgment, plaintiff submitted an affidavit from its Director, Revenue Management, who said that the amounts plaintiff charged defendant

were reasonable for the same reasons as stated in the verified complaint. Our Rules of Civil Procedure require that affidavits submitted in support of a motion for summary judgment "be made on personal knowledge . . . and . . . show affirmatively that the affiant is competent to testify to the matters stated therein." N.C.G.S. § 1A-1, Rule 56(e). These affidavits do not say expressly that the affiant is familiar either with the amounts other similar facilities charge for medical services or with various published billing regulations and guidelines. Nor do they provide itemized comparisons of the amounts plaintiff charged for a particular service and either the amounts other facilities charge for the same service or any applicable regulations or guidelines regarding such charges. Nonetheless, because of the affiants' positions in plaintiff's organization, we may infer that they have the requisite personal knowledge of those matters and would be competent to give the testimony contained in their affidavits. We do, however, take this opportunity to emphasize that the better practice would be to state explicitly this information to the extent allowed by applicable law and not leave it to this or any other court to make inferences.

These sworn statements were minimally sufficient to satisfy plaintiff's burden on the issue of damages. Plaintiff forecasted more than simply the amount it charged defendant. Its verified complaint and the Sain affidavit illustrate that plaintiff's evidence that its bill was a reasonable amount was based on knowledge of the amounts other similarly situated market participants charged similarly situated patients. Moreover, plaintiff asserted its bill was consistent with various published billing guidelines and regulations. It is reasonable to conclude that the applicable guidelines and the amounts charged by other similarly situated providers are indicative of the monetary value of the skill, labor, and other relevant factors necessary to provide this type of service. Accordingly, all plaintiff's forecasted evidence, taken together, is minimally sufficient to carry plaintiff's burden on this issue. *See Turner*, 217 N.C. at 697, 9 S.E.2d at 380. This conclusion is not altered by plaintiff's submission of and reliance on the sworn statements of its own employees. Such a relationship raises no more than a latent doubt regarding the affiants' credibility. *See Kidd*, 289 N.C. at 371, 222 S.E.2d at 411. And, because these statements asserted a comparison of the amount plaintiff charged with the prices commanded by similar institutions or fixed in published regulations, the information contained in them was not "peculiarly within [plaintiff's] knowledge," *id.* at 366, 222 S.E.2d at 408 (citation and

internal quotation marks omitted). That comparison could have been performed by any individual who was familiar with the hospital pricing market or the published regulations and to whom defendant had given a copy of his bill.

Defendant's affidavit submitted in opposition to plaintiff's motion for summary judgment contained five assertions of fact addressing the issue of damages. Defendant first listed amounts plaintiff billed him for Diltiazem, Enoxaparin, and folic acid, and then detailed the much lower retail price at which he could obtain these items at a local pharmacy. Defendant then asserted that plaintiff billed him a total amount in excess of "the charges made and paid by other patients in the defendant's medical condition" and that "plaintiff's charges are not reasonable for the medical care necessary to control the defendant's medical condition." Defendant seems to argue that the differences between the retail prices and the amounts he was billed by plaintiff for these three medications establishes that he was charged an unreasonable amount overall.

Defendant's affidavit failed to demonstrate that an issue of material fact remained. Like plaintiff's sworn statements, defendant's affidavit must comply with Rule 56. In other words, the affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C.G.S. § 1A-1, Rule 56(e). No doubt defendant's recitation of the differences between the retail prices and the amounts charged by plaintiff was based on personal knowledge, and his affidavit indicates that he is competent to testify to what he asserts; however, these price differences simply are not relevant to the issue of whether the amount charged by plaintiff is reasonable.

Plaintiff and a retail pharmacy are selling two different products in two different markets. Plaintiff's product is comprehensive medical care, which includes the administration of certain medicines. The process of administering medicines in a comprehensive care center may include: a physician interacting with the patient; a physician prescribing a medicine; someone delivering the order to the pharmacy; a pharmacist determining whether the particular medicine prescribed will cause an adverse reaction in the patient because of some other medicine or nutrient the patient is receiving; a pharmacist ensuring the medicine is appropriate given the patient's vital statistics; a pharmacist placing the medicine in a single-dose container;

someone timely delivering the medicine; and a nurse administering the medicine and then observing the patient for unintended symptoms. The products listed by defendant, on the other hand, are individual medicines sold in a retail environment without the multitude of associated services required in an inpatient medical setting. In other words, while plaintiff may have provided certain medicines to defendant, plaintiff's product, for which it is due a reasonable fee, is comprehensive, inpatient medical care; its products are not simply individual medicines.

It is the market for comprehensive, inpatient medical care by which the amount plaintiff billed defendant is judged to determine whether the charges are reasonable. Minus the irrelevant price differences cited therein, defendant's affidavit merely asserts that the amount he was charged was unreasonable. Unlike plaintiff's affiants, the record provides no basis for us to infer that defendant has personal knowledge of the relevant market or of the amounts charged to other similarly situated patients such as enable defendant to testify regarding such matters. Accordingly, defendant has failed to demonstrate that there is a genuine issue of material fact. Moreover, defendant failed to offer "any specific grounds for impeachment" of plaintiff's affiants, *Kidd*, 289 N.C. at 371, 222 S.E.2d at 411, and did not avail himself of Rule 56(f). Therefore, the trial court properly entered summary judgment against him. *See id.* at 370, 222 S.E.2d at 410.

The Court of Appeals correctly left undisturbed the trial court's grant of summary judgment for plaintiff on the issue of defendant's liability. But because the Court of Appeals erroneously overturned the trial court's ruling in relation to the issue of damages, the opinion of the Court of Appeals on that issue is reversed, and that court is instructed to reinstate the judgment of the trial court.

REVERSED.

Justice HUDSON dissenting.

Because I would hold that plaintiff hospital's affidavits are insufficient to support entry of summary judgment, I respectfully dissent. I would hold that the affidavits are insufficient for two reasons: (1) it is not clear that they are made on personal knowledge, *see* N.C.G.S. § 1A-1, Rule 56(e) (2011), and (2) they are "inherently suspect" as defined by this Court, *see Kidd v. Early*, 289 N.C. 343, 370-71, 222 S.E.2d 392, 410-11 (1976).

First, as the majority correctly states, any affidavits submitted regarding a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C.G.S. § 1A-1, Rule 56(e). Here, as also pointed out by the majority, the

> [a]ffidavits do not say expressly that the affiant is familiar either with the amounts other similar facilities charge for medical services or with various published billing regulations and guidelines. Nor do they provide itemized comparisons of the amounts plaintiff charged for a particular service and either the amounts other facilities charge for the same service or any applicable regulations or guidelines regarding such charges.

While the majority is willing to "infer that [the affiants] have the requisite personal knowledge of those matters" because of their employment positions with plaintiff's hospital, I am not. In particular, I am concerned with the affidavit of Sunny Sain, the Director of Revenue Management. Because the main issue here is the reasonableness of defendant's bill, her affidavit is essential to the case in that it avers that defendant's charges were reasonable,

> given that that they are standard charges rendered to all patients receiving similar types of services, they are within industry norms for similar facilities providing similar services at similar levels of care, and they are compliant with various published billing and charging regulations and guidelines, including those of the Center for Medicare and Medicaid Services.

Nothing in the affidavit sheds any light on what Ms. Sain's job as Director of Revenue Management entailed; there is nothing to suggest that she had personal knowledge or indeed any basis for her assertions and opinions stated in the affidavit. She may have had the personal knowledge to compare defendant's charges to other similar charges, but that does not appear simply from her job title, nor from anything else in the affidavit. While an affidavit does not need to state explicitly that it is based on personal knowledge, it is required to "show affirmatively that the affiant is competent to testify" about its contents. *Id.* Rule 56(e). I would hold that a job title alone, with no description of experience or duties, does not suffice to make that showing or to enable a court to ascertain if the affiant has personal knowledge or competence to testify, as required by Rule 56(e).

Our Court of Appeals has routinely adopted this practice. For example, in *Hylton v. Koontz*, 138 N.C. App. 629, 532 S.E.2d 252 (2000), *disc. rev. denied*, 353 N.C. 373, 546 S.E.2d 604 (2001), the Court of Appeals rejected affidavits because the source of the affiant's knowledge was unclear. That court held that although the affidavits indicated that

> the assertions contained therein are based on a review of facts with which [the affiant] is familiar[,] [t]here is no statement the information contained in the affidavits are based on [the affiant]'s "personal knowledge," nor is it clear from the content and context of the affidavits that the information was based on his personal knowledge. . . . we cannot ascertain the source of the information [the affiant] reviewed and on which he based his affidavits.

*Id.* at 635, 532 S.E.2d at 256-57 (footnotes omitted). *See, e.g., Eugene Tucker Builders, Inc. v. Ford Motor Co.*, 175 N.C. App. 151, 156, 622 S.E.2d 698, 701-02 (2005) (holding that an affidavit was not based on personal knowledge because the affidavit did not make it clear how the affiant had personal knowledge), *cert. denied*, 360 N.C. 479, 630 S.E.2d 926 (2006). Here it is similarly difficult to ascertain the basis of Ms. Sain's personal knowledge. She provides no details about her work duties or about anything she may have reviewed to compare defendant's charges with those of other similarly situated patients. I would hold that plaintiff's affidavit does not satisfy the personal knowledge requirement of N.C.G.S. § 1A-1, Rule 56(e).

Even if the affidavits were based on personal knowledge, I would still hold that they are insufficient to support entry of summary judgment because of the affiants' inherent interest in the outcome of the case. The majority again correctly states our law on the value of affidavits from a moving party in summary judgment proceedings:

> We hold that summary judgment may be granted for a party with the burden of proof on the basis of his own affidavits (1) when there are only latent doubts as to the affiant's credibility; (2) when the opposing party has failed to introduce any materials supporting his opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate.

*Kidd*, 289 N.C. at 370, 222 S.E.2d at 410. The Court in *Kidd* continued on to define latent doubts as "doubts which stem from the fact that plaintiffs are interested parties." *Id.* at 371, 222 S.E.2d at 411. In addi-

tion, the Court held that a motion for summary judgment ordinarily should be denied, even if the opposing party makes no response, if " 'the movant's supporting evidence is self contradictory or circumstantially suspicious or *the credibility of a witness is inherently suspect . . . because he is interested in the outcome of the case and the facts are peculiarly within his knowledge.*' " *Id.* at 366, 222 S.E.2d at 408 (emphasis added).

I would hold that plaintiff's affidavits raise more than latent doubts because the affiants are interested in the outcome of the case and the affidavits allege facts particularly within the knowledge of the affiants. In her affidavit Ms. Sain avers that defendant's charges are similar to charges of other patients and are in line with various regulations and guidelines. These are facts that are not known to the average consumer; they are facts likely not known to defendant. This type of knowledge is particular to hospital staff and hospital administrators. Our Court of Appeals has applied this logic in *Carson v. Sutton,* 35 N.C. App. 720, 242 S.E.2d 535 (1978). There the court determined that a plaintiff's self-serving affidavits were not suspect because they contained facts that were "equally available to the defendants." *Id.* at 723, 242 S.E.2d at 537. There the affidavits submitted by the plaintiff referred to the terms and conditions of a note, facts which, as the Court of Appeals noted, were equally available to both parties. Here, however, the amounts charged to other patients and the regulatory guidelines for patient charges are not "equally available" to defendant. Therefore, I would find plaintiff's affidavits insufficient to support summary judgment, consistent with our language in *Kidd.* As the Court cautioned, "[n]eedless to say, the party with the burden of proof, who moves for summary judgment supported only by his own affidavits, will ordinarily not be able to meet these requirements and thus will not be entitled to summary judgment." *Kidd,* 289 N.C. at 370-71, 222 S.E.2d at 410.

While the majority acknowledges that the "better practice" would be for the hospital to state cost comparisons explicitly, I would hold that Rule 56 and our previous decisions require it here. Without such information in the affidavits, I would hold that summary judgment is not appropriate. I see no need to address the evidentiary value of defendant's affidavit because I would hold that plaintiff has failed to meet its initial burden for entry of summary judgment. Therefore, I respectfully dissent.

Justice TIMMONS-GOODSON joins in this dissenting opinion.