TYSON, Judge, dissenting.
The majority's opinion concludes Plaintiff's voluntary dismissal without prejudice was ineffective to terminate the case and, consequently, the trial court continued to possess jurisdiction to determine whether summary judgment was appropriate. The majority next concludes Plaintiff did not meet its burden on appeal of demonstrating the existence of genuine issues of material fact. As such, the majority holds Plaintiff's argument the trial court erred in refusing to treat the verified complaint as an affidavit is immaterial. I disagree and respectfully dissent.
Plaintiff properly filed and entered its voluntary dismissal without prejudice prior to resting its case. See Wesley v. Bland, 92 N.C.App. 513, 515, 374 S.E.2d 475, 476-77 (1988) (holding plaintiffs had not rested where attorney took a voluntary dismissal in lieu of arguing). This entry of dismissal, prior to Plaintiff resting its arguments and the trial court's ruling on summary judgment, deprived the court of jurisdiction to enter the summary judgment order. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2015).
In the alternative, under de novo review, the order granting Defendants' motion for summary judgment was error, since Defendants failed to meet their burden of showing no genuine issues of fact existed to demonstrate they were entitled to judgment as a matter of law. Plaintiff's complaint was properly verified and is properly treated as an affidavit. The trial court erroneously concluded the pleadings, arguments, and affidavits failed to show any genuine issues of material fact. I vote to reverse the trial court's order and remand for entry of Plaintiff's voluntary dismissal. In the alternative, I vote to reverse the trial court's entry of summary judgment for Defendants and remand for trial.
I. Voluntary Dismissal
The majority's opinion asserts Plaintiff had rested its case at the close of the summary judgment hearing held on 29 April 2015. I disagree.
Under Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure, a plaintiff may file for a voluntary dismissal, without prejudice, any time before resting its case. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(i) (2015) ; see Roberts v. Young , 120 N.C.App. 720, 726, 464 S.E.2d 78, 83 (1995) ("[A] plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief."). Rule 41"offers a safety net to plaintiff or his counsel who are either unprepared or unwilling to proceed with trial the first time the case is called." 2 G. Gray Wilson, North Carolina Civil Procedure § 41-1, at 41-3 (3d ed. 2007).
If a plaintiff has rested its case, a voluntary dismissal without prejudice may only be entered by stipulation of the parties or by court order. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) and (a)(2) (2015). For the purposes of summary judgment,
[t]he record must show that plaintiff has been given the opportunity at the hearing to introduce any evidence relating to the motion and to argue his position. Having done so and submitted the matter to the [trial court] for determination , plaintiff will then be deemed to have "rested his case" for the purpose of summary judgment and will be precluded thereafter in dismissing his case pursuant to Rule 41 during the pendency of the summary judgment motion.
*276 Wesley , 92 N.C.App. at 515, 374 S.E.2d at 477 ; see also Alston v. Duke Univ. , 133 N.C.App. 57, 61-62, 514 S.E.2d 298, 301 (1999) (holding the plaintiff had not rested where the attorney took a voluntary dismissal after the court ruled on a related discovery motion, but before the attorney had argued against summary judgment); but see Maurice v. Hatterasman Motel Corp. , 38 N.C.App. 588, 591-92, 248 S.E.2d 430, 432-33 (1978) (holding the plaintiff could not enter a voluntary dismissal after the trial court signed the summary judgment order, but before the order had been filed).
Although Plaintiff in this case presented arguments and a verified pleading as an affidavit to the trial court at the summary judgment hearing on 29 April 2015, Plaintiff had not rested and the case was not submitted to the trial court for final determination. These facts are distinguishable from Maurice , wherein this Court held the purported voluntary dismissal was improper once the trial court had already signed the motion at the close of the summary judgment hearing. Maurice , 38 N.C.App. at 591-92, 248 S.E.2d at 432-33.
After Plaintiff's final response to Defendants' argument at the summary judgment hearing, the trial court did not rule and still questioned whether the complaint was properly verified. This query was a key issue in the ultimate determination of summary judgment, as the verified complaint and Defendants' responses show genuine issues of material fact existed.
Instead of ruling on the summary judgment motion at the close of the hearing, the trial court expressly provided Plaintiff the opportunity to provide supplemental case law on the requirements of a verified complaint and left the matter open until noon of the next day. Rather than providing the case law or other authority and submitting the matter to the court for final determination, Plaintiff properly invoked the "safety net" provided in Rule 41(a)(1) and voluntarily dismissed its case without prejudice. See 2 G. Gray Wilson, North Carolina Civil Procedure § 41-1, at 41-3.
Since Plaintiff had not rested its case at the time it submitted and entered its voluntary dismissal, the trial court was divested of jurisdiction, and it had no power or authority to enter the order and grant Defendants' motion for summary judgment. See Wesley , 92 N.C.App. at 515, 374 S.E.2d at 477.
II. Summary Judgment
The majority's opinion next asserts Plaintiff failed to meet its burden on appeal of demonstrating genuine issues of material fact and that the trial court did not err in granting summary judgment in favor of Defendants. I disagree.
We review an appeal from summary judgment de novo . In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015). When considering a motion for summary judgment, the trial court views the evidence in a light most favorable to the nonmoving party and resolves all inferences against the moving party. See In re Will of Jones , 362 N.C. at 573, 669 S.E.2d at 576 ; Baumann v. Smith , 298 N.C. 778, 782, 260 S.E.2d 626, 628 (1979).
"Summary judgment is a somewhat drastic remedy, [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." Draughon v. Harnett Cnty. Bd. of Educ. , 158 N.C.App. 208, 211-12, 580 S.E.2d 732, 735 (2003) (internal quotation marks and citation omitted), aff'd , 358 N.C. 381, 591 S.E.2d 521 (2004).
North Carolina precedents consistently hold summary judgment is inappropriate "where matters of credibility and determining the weight of the evidence exist." Id . at 212, 580 S.E.2d at 735. For example, summary judgment is generally inappropriate in actions for fraud or other tortious conduct. See Isbey v. Cooper Companies, Inc. , 103 N.C.App. 774, 776, 407 S.E.2d 254, 256 (1991) ("Although summary judgment may be proper when absence of genuine issue is clearly *277 established, summary judgment is generally improper in an action for fraud."), disc. review denied , 330 N.C. 613, 412 S.E.2d 87 (1992) ; Smith-Douglass, Div. of Borden Chemical, Borden , Inc. v. Kornegay , 70 N.C.App. 264, 266, 318 S.E.2d 895, 897 (1984) ("Questions of fraudulent intent ordinarily go to the jury on circumstantial evidence, and summary judgment is usually inappropriate.").
A. Defendants' Burden on Summary Judgment
The majority's opinion addresses Plaintiff's burden on appeal without first addressing whether Defendant initially met its burden at trial. My review demonstrates Defendants failed to show no genuine issues of material fact existed.
Irrespective of which party has the burden of proof at trial, for the purposes of summary judgment, "[t]he movant always has the burden of showing that there is no triable issue of fact and that he is entitled to judgment as a matter of law." Baumann v. Smith , 298 N.C. 778, 781, 260 S.E.2d 626, 628 (1979) ; see Draughon , 158 N.C.App. at 212, 580 S.E.2d at 735. As the Supreme Court has held:
If the movant's forecast [of evidence which he has available for presentation at trial] fails to do this, summary judgment is not proper, whether or not the opponent responds.... The evidentiary matter supporting the moving party's motion may not be sufficient to satisfy his burden of proof, even though the opposing party fails to present any competent counter-affidavits or other materials.
Savings & Loan Ass'n v. Trust Co. , 282 N.C. 44, 51-52, 191 S.E.2d 683, 688 (1972) (internal quotation marks and citations omitted); see Baumann , 298 N.C. at 781, 260 S.E.2d at 628.
In Baumann , this Court held the defendants failed to meet this burden when they submitted a supporting affidavit, which "merely reaffirmed certain paragraphs of the verified answer and stated that defendants entered into an agreement with [a third party.]" Baumann , 298 N.C. at 782, 260 S.E.2d at 628. This Court emphasized the defendants' affidavit "did not challenge or alter the fact that the complaint alleged, and the answer denied, the existence of a contract between the parties." Id. at 782, 260 S.E.2d at 628-29. This Court held summary judgment was inappropriate, whether or not the plaintiff properly responded. Id . at 781-82, 260 S.E.2d at 628-29 ; see Savings & Loan Ass'n , 282 N.C. at 51-52, 191 S.E.2d at 688.
Upon de novo review, Defendants in this case failed to meet their burden of demonstrating no genuine issues of material fact existed. In support of their motion for summary judgment, Defendants submitted two affidavits. Like in Baumann , Defendants' affidavits merely re-affirmed statements and allegations contained within their amended answer, and each affidavit failed to provide any additional evidence in support of their motion for summary judgment. See Baumann , 298 N.C. at 782, 260 S.E.2d at 628.
The affidavit of Defendant-Reem Tamim Darar simply re-asserts the amended answer's denial that she "did not make any false or misleading statements to Plaintiff, its predecessors or their agents." Her affidavit confirms she exchanged an email communication with Plaintiff regarding Defendants' failure to respond to Plaintiff's email, but asserts she had no "material communications" regarding the sale of the premises to Plaintiff. Her affidavit offers no substantive evidence to demonstrate that Ms. Darar is entitled to summary judgment and leaves open genuine issues of material fact of "material communications" for the jury. See id .
While Defendant-Mohamed Ali Darar's affidavit is slightly more detailed than Ms. Darar's affidavit, it is also a mere denial of allegations in Plaintiff's complaint, which were previously denied in Defendants' amended answer. The affidavit did not offer or assert any uncontested facts or provide any new or substantive evidence to show no genuine issues of material fact existed in the many claims Plaintiff asserted against Defendants. The affidavit also did not assert any facts to shift the burden back on to Plaintiff. Each of the Defendants' affidavits are ultimately nothing more than re-statements of what they previously denied in their amended motion to dismiss and answer and, in fact, *278 now admit asserted, but disputed, communications, which occurred between the parties.
Furthermore, many of Plaintiff's claims against Defendants are based upon allegations of fraud. As noted previously, such claims are generally not appropriate for summary judgment. See Isbey , 103 N.C.App. at 776, 407 S.E.2d at 256 ; Smith-Douglass , 70 N.C.App. at 266, 318 S.E.2d at 897. Since the evidence presented must be viewed in the light most favorable to the Plaintiff, as the non-moving party, and since Defendants' affidavits operate as mere affirmations of statements previously made in their amended motion to dismiss and answer, Defendants failed to meet their burden to show that no genuine issues of material fact existed to allow summary judgment to be appropriately entered against Plaintiff. See Baumann , 298 N.C. at 781, 260 S.E.2d at 628. The trial court erred in granting Defendants' motion for summary judgment.
B. Verification of a Complaint and Complaint as Affidavit
Since we review summary judgment motions de novo and Defendants, in this case, did not meet their initial burden on summary judgment, the majority errs by holding Plaintiff failed to meet its burden on appeal to show that genuine issues of material fact existed and that Plaintiff's argument the trial court erred by refusing to treat the verified complaint as an affidavit is immaterial. Baumann and Savings & Loan Ass'n clearly state if the moving party does not meet its burden, then whether the non-moving party properly responds is immaterial. See Savings & Loan Ass'n , 282 N.C. at 51-52, 191 S.E.2d at 688 ; Baumann , 298 N.C. at 782, 260 S.E.2d at 628. However, I briefly address Plaintiff's arguments to show its complaint was properly verified and could be treated as an affidavit.
A verified complaint must contain a statement "that the contents of the pleading verified are true to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true. Such verification shall be by affidavit of the party[.]" N.C. Gen. Stat. § 1A-1, Rule 11(b) (2015). Plaintiff's complaint clearly meets this requirement.
Ms. Amin attached a separate, signed and notarized verification to the complaint, which stated "[t]hat the contents of the foregoing complaint are true to her own knowledge , except as to the matter stated on information and belief, and as to those matters she believes them to be true." (emphasis supplied). This language virtually mirrors the requirement for verification as listed in Rule 11. Id. Furthermore, as Plaintiff notes, this language was taken directly from Thorp's N.C. Trial Practice Forms . 1 Thorp's N.C. Trial Prac. Forms § 11:2 (7th ed.). This language has also repeatedly been upheld as sufficient to verify a complaint. See e.g. , Bauer v. Douglas Aquatics, Inc ., 207 N.C.App. 65, 69, 698 S.E.2d 757, 761-62 (2010) ; In re Dj.L. , 184 N.C.App. 76, 82, 646 S.E.2d 134, 139 (2007) ; In re D.D.F. , 187 N.C.App. 388, 390, 654 S.E.2d 1, 2 (2007).
Since the complaint is verified, the question becomes whether the verified complaint may be treated as an affidavit to rebut Defendants' motion at the summary judgment hearing.
Rule 56 of the North Carolina Rules of Civil Procedure does not allow an adverse party to:
rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
N.C. Gen. Stat. § 1A-1, Rule 56(e) (2015). Our Supreme Court has held the purpose of these sentences "is to pierce general allegations in the non-movant's pleadings, Rule 56(e) does not deny that a properly verified pleading which meets all the requirements for affidavits may effectively set forth specific facts showing that there is a genuine issue for trial." Schoolfield v. Collins , 281 N.C. 604, 612, 189 S.E.2d 208, 212-13 (1972) (emphasis in original) (internal quotations and citations omitted).
A trial court may consider a party's verified complaint as an affidavit if it, "(1) is *279 made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." Page v. Sloan , 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) (citations omitted). Generally, trial courts may not consider portions of an affidavit not based on the affiant's personal knowledge. Moore v. Coachm e n Industries, Inc. , 129 N.C.App. 389, 394, 499 S.E.2d 772, 776 (1998).
This Court has held:
[a]lthough a Rule 56 affidavit need not state specifically it is based on "personal knowledge," its content and context must show its material parts are founded on the affiant's personal knowledge. Our courts have held affirmations based on "personal[ ] aware[ness]," "information and belief," and what the affiant "think[s]," do not comply with the "personal knowledge" requirement of Rule 56(e). Knowledge obtained from the review of records, qualified under Rule 803(6), constitutes "personal knowledge" within the meaning of Rule 56(e).
Hylton v. Koontz , 138 N.C.App. 629, 634-35, 532 S.E.2d 252, 256 (2000) (citations omitted), disc. review denied , 353 N.C. 373, 546 S.E.2d 603 (2001).
In Charlotte-Mecklenburg Hosp. Authority v. Talford , 366 N.C. 43, 49-50, 727 S.E.2d 866, 870-71, reh'g denied , 366 N.C. 248, 728 S.E.2d 354 (2012), the plaintiff submitted an affidavit from its Director of Revenue stating the amount the plaintiff charged the defendant was reasonable for the same reasons as stated in its verified complaint. The complaint was verified by the plaintiff's Manager of Patient Financial Service, Legal Accounts.
The Supreme Court held:
These affidavits do not say expressly that the affiant is familiar either with the amounts other similar facilities charge for medical services or with various published billing regulations and guidelines. Nor do they provide itemized comparisons of the amounts plaintiff charged for a particular service and either the amounts other facilities charge for the same service or any applicable regulations or guidelines regarding such charges. Nonetheless, because of the affiants' positions in plaintiff's organization, we may infer that they have the requisite personal knowledge of those matters and would be competent to give the testimony contained in their affidavits.
Id . at 50, 727 S.E.2d at 871 (emphasis supplied). Although the Supreme Court noted the better practice is not to leave it to the court to make inferences, the Court held because of the affiants' position within the plaintiff's company, the verified complaint met the three-prong requirement to be considered by the Court as an affidavit sufficient to oppose summary judgment. Id.
Here, the trial court did accept and treat portions of the verified complaint as an affidavit. While the trial court did not delineate which portions of the verified complaint it relied upon and which it did not, the court is not required to do so to determine summary judgment. See In re Cook e , 37 N.C.App. 575, 579, 246 S.E.2d 801, 804 (1978) ("Where both competent and incompetent evidence is before the trial court, we assume that the trial court, when functioning as the finder of facts, relied solely upon the competent evidence and disregarded the incompetent evidence." (citation omitted)).
Here, the trial court correctly held portions of the complaint may be treated as an affidavit. The statements made "upon information and belief" included within the verified complaint "do not comply with the 'personal knowledge' requirement." Asheville Sports Properties, LLC v. City of Asheville , 199 N.C.App. 341, 345, 683 S.E.2d 217, 220 (2009). Contrary to Defendants' assertions the complaint is "replete" with allegations made upon information and belief, only eight of the nearly two hundred allegations were qualified with this or language similar to "made upon information and belief." See id . The remaining allegations in the complaint are based on Ms. Amin's personal knowledge and the complaint and its attached and incorporated exhibits affirmatively show Ms. Amin was competent to testify concerning these matters.
First, many of the exhibits attached and incorporated into Plaintiff's complaint were *280 personally signed by Ms. Amin in her role as a managing member and secretary of Plaintiff. These exhibits include the executed Offer to Purchase and Sale of Business Agreement, a list of inventory, a summary of payments from Plaintiff to Defendants, and the executed Triple Net Lease Agreement. Each of these exhibits serve as foundations and proof to support many of Plaintiff's claims against Defendants. Ms. Amin's signature on these documents demonstrates her personal knowledge of the issues and affirmatively shows that she is competent to testify on these matters.
Second, Ms. Amin's signature on the attached documentary exhibits shows she is competent to testify on the matters asserted within the verified complaint due to the authority of her position as a managing member of Allied Spectrum, LLC. As in Charlotte-Mecklenburg Hosp. Authority , the finder of fact may properly infer, by and from the nature of her position, that she was aware of the documents, business dealings, conversations, and transactions between Plaintiff and Defendants. This knowledge makes her competent to testify to those matters. See Charlotte-Mecklenburg Hosp. Authority , 366 N.C. at 49-50, 727 S.E.2d at 870-71. Ms. Amin has personal knowledge and is competent to testify to the allegations and statements made in the verified complaint and the exhibits incorporated and attached thereto. See id. Plaintiff's verified complaint was properly treated as an affidavit by the trial court.
III. Conclusion
"[A] plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief." Young , 120 N.C.App. at 726, 464 S.E.2d at 83. Plaintiff properly filed its voluntary dismissal without prejudice prior to resting its case. The trial court was deprived of jurisdiction to enter the summary judgment order.
Presuming the trial court retained jurisdiction after Plaintiff filed its dismissal, Defendants' affidavits failed meet or carry their burden to show no genuine issues of material fact existed. The majority's conclusion that Plaintiff did not meet its burden on appeal to show genuine issues of material fact existed is erroneous.
I vote to reverse the trial court's order granting Defendants' motion for summary judgment on the alternative bases set forth herein, and remand to either dismiss pursuant to Plaintiff's voluntary dismissal, without prejudice, or to calendar Plaintiff's asserted claims for trial. I respectfully dissent.