WILLIAM WESLEY, INDIVIDUALLY, AND MICHAEL WESLEY, A MINOR CHILD, BY AND THROUGH HIS GUARDIAN AD LITEM, WILLIAM WESLEY v. SAMUEL BLAND AND JOYCE ATKINSON BLAND

No. 8814SC294

(Filed 30 December 1988)

**Rules of Civil Procedure § 41.1— voluntary dismissal—time and manner of motion proper**

Plaintiffs had not rested their case, and the timing and manner of their motion for a voluntary dismissal was proper under N.C.G.S. § 1A-1, Rule 41(a)(1) where plaintiffs submitted affidavits in opposition to defendants' summary judgment motion prior to the hearing on the motion; the trial court heard argument of counsel for the defendants; when it was plaintiffs' attorney's turn to speak, he orally took a voluntary dismissal; and prior to this time, plaintiffs' attorney had not been given an opportunity to present additional evidence or argue his clients' position.

APPEAL by plaintiffs from *Barnette, Judge*. Judgment entered 10 November 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 September 1988.

On 16 December 1985, defendant, Joyce Atkinson Bland, was involved in a collision with plaintiff, Michael Wesley. Plaintiff, who was six years old at the time of the accident, was crossing Holloway Street in Durham on his way home from school when he was struck by an automobile driven by defendant.

Plaintiff's father, William Wesley, in his individual capacity and in his capacity as guardian ad litem for Michael Wesley, brought a negligence suit against defendants. The suit was filed 10 December 1986.

Defendants filed a motion for summary judgment on 22 October 1987. Affidavits were filed in advance in preparation for the summary judgment hearing. The hearing took place on 2 November 1987.

At the hearing, defendants' attorney was allowed to argue in favor of the motion. Plaintiffs' attorney then stood up in open court and took a voluntary dismissal pursuant to G.S. 1A-1, Rule 41. The trial court took the matters under advisement and on 10 November 1987, Judge Barnette signed an order granting summary judgment in favor of the defendants. On 16 November 1987, plaintiffs formally filed their notice of voluntary dismissal without

prejudice. From the trial court's entry of summary judgment for the defendants, plaintiffs appeal.

*Robert T. Perry, attorney for plaintiff-appellants.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr. and Sherry R. Dawson, attorneys for defendant-appellees.*

ORR, Judge.

The determinative issue on appeal is whether plaintiffs' motion for a voluntary dismissal was made in a timely manner. If the motion was timely, the trial court's order for summary judgment was improperly granted and plaintiffs are not barred from refiling the lawsuit within the one-year time limitation.

G.S. 1A-1, Rule 41(a)(1) states "an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case . . . ."

The intent of G.S. 1A-1, Rule 41(a)(1) is to allow a plaintiff who goes to court with insufficient evidence a chance to voluntarily dismiss his case and gather sufficient evidence to return to court. The plaintiff must take the voluntary dismissal before he rests his case so that the court's time is not wasted. *See* W. Shuford, *N.C. Civil Practice and Procedure* Sec. 4104 (1988).

In this case, dismissal was not taken in a timely fashion if the plaintiffs had "rested their case" prior to the dismissal. The requirements of Rule 41 in regard to voluntary dismissals and the practicalities involved in taking a dismissal pursuant to the rule are clear when it comes to the actual trial of an action. The case may only be dismissed at trial "*before* plaintiff rests his case."

The practical applicability of the rule pertaining to summary judgment is less clear. In *Maurice v. Motel Corp.*, 38 N.C. App. 588, 248 S.E. 2d 430 (1978), the Court explained when a party has "rested his case" in regard to a summary judgment hearing.

> Where a party appears at a summary judgment hearing and produces evidence or is given an opportunity to produce evidence and fails to do so, and the question is submitted to the court for decision, he has 'rested his case' within the meaning

of Rule 41(a)(1)(i). . . . He cannot thereafter take a voluntary dismissal under Rule 41(a)(1)(i). To rule otherwise would make a mockery of summary judgment proceedings.

*Id.* at 591-92, 248 S.E. 2d 432-33. This Court notes that on many occasions, however, the conduct of a summary judgment hearing in our trial courts is a fairly informal proceeding.

In the case *sub judice*, the record reflects that the plaintiffs submitted affidavits prior to the hearing as evidence in opposition to the summary judgment motion pursuant to G.S. 1A-1, Rule 56. The judgment states that the trial court "heard argument of counsel for the defendants." When it was plaintiffs' attorney's turn to speak, he orally took a voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1)(i). It appears that prior to this plaintiffs' attorney had not been given an opportunity to present additional evidence or argue his clients' position. Therefore, under the test described in *Maurice*, we conclude that plaintiffs had not rested their case and the timing of plaintiffs' motion for a voluntary dismissal was proper under Rule 41.

For purposes of summary judgment motions, this Court holds that the record must show that plaintiff has been given the opportunity at the hearing to introduce any evidence relating to the motion and to argue his position. Having done so and submitted the matter to the Court for determination, plaintiff will then be deemed to have "rested his case" for the purpose of summary judgment and will be precluded thereafter in dismissing his case pursuant to Rule 41 during the pendency of the summary judgment motion.

The manner of plaintiffs' motion was also proper under G.S. 1A-1, Rule 41(a)(1). A party may simply state in open court his intention for a voluntary dismissal and may subsequently file the dismissal. *Danielson v. Cummings*, 300 N.C. 175, 179-80, 265 S.E. 2d 161, 164 (1980).

We do not reach the issue concerning the trial court's ruling on the summary judgment motion. Once a motion for voluntary dismissal is given, there can be no further rulings on the case. *Caroon v. Eubank*, 30 N.C. App. 244, 226 S.E. 2d 691 (1976).

The summary judgment order is vacated and this case remanded for entry of plaintiffs' dismissal pursuant to Rule 41.

Vacated and remanded.

Judges GREENE and SMITH concur.