IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-283

Filed: 15 November 2016

Wake County, No. 14 CVS 10250

ALLIED SPECTRUM, LLC, d/b/a APEX CROWN EXPRESS; Plaintiff

v.

GERMAN AUTO CENTER, INC.; MOHAMED ALI DARAR; AND REEM TAMIM
DARAR; Defendants

Appeal by plaintiff from order entered 7 July 2015 by Judge Paul G. Gessner

in Wake County Superior Court. Heard in the Court of Appeals 7 September 2016.

*Bratcher Adams PLLC, by Brice Bratcher and J. Denton Adams, for plaintiff-
appellant.*

*Austin Law Firm, PLLC, by John S. Austin, for defendant-appellees.*


CALABRIA, Judge.

After plaintiff rested its case, it did not have an absolute right to voluntarily

dismiss its complaint, and the trial court did not err in entering summary judgment.

Where defendants supported their motion for summary judgment with affidavits, and

plaintiff has failed to meet its burden on appeal of specifically showing the existence

of a genuine issue of material fact, the trial court did not err in granting summary

judgment in favor of defendants.

I. Factual and Procedural Background

In early 2013, German Auto Center, Inc. ("German") entered into negotiations with Kargo Corporation ("Kargo") concerning the sale of a gas station business located in Apex, North Carolina, and on 4 April 2013, Kargo contracted to purchase the gas station from German. The contract was signed by Kokila Amin ("Amin") on behalf of Kargo. Subsequently, Kargo transferred its interests to its successor at interest, Allied Spectrum, LLC ("plaintiff"). Amin, who had signed the contract on behalf of Kargo, was also a manager of plaintiff. On 1 May 2013, Kargo and German executed a lease agreement concerning the property on which the gas station was located. This lease was amended on the same day, and Amin's signature appears on both the agreement and the amendment. Physical possession of the property was delivered to plaintiff on 1 May 2013.

On 31 July 2014, plaintiff brought the instant action against German, its vice president Mohamed Ali Darar, and its president Reem Tamim Darar (collectively, "defendants"). Plaintiff's verified complaint alleged six counts of breach of contract, one count of breach of lease, one count of fraud in the inducement, one count of civil conspiracy, and one count of unfair and deceptive practices; and sought a declaratory judgment declaring the purchase agreement unenforceable, quantum meruit, and to pierce the corporate veil. Specifically, this complaint alleged that defendants, in the lease agreement, agreed to grant plaintiff a rent credit if plaintiff opened a food service business on the premises; that plaintiff installed equipment for food service

and began serving food to customers; and that defendants subsequently refused to apply that credit. The complaint further alleged that on 1 July 2013, the Wake County Revenue Department issued a tax bill on the property showing a roughly 26% increase on property taxes; that on 11 March 2013, the Apex Planning & Community Development Department issued a notice of violation to defendants for various violations of unapproved site work; that because of these and other violations, the property was not issued a Certificate of Occupancy by the Town of Apex until 10 December 2013; that Kargo's application for an Alcoholic Beverage Permit was approved for Kargo but denied for the location due to defendants' failure to comply with Town of Apex building codes; that on 30 April 2013, defendants received a notice from the North Carolina Department of Environment and Natural Resources, Division of Waste Management, Underground Storage Tank Section ("DENR") listing ten different violations of North Carolina code and law on the property; that neither Kargo nor plaintiff were informed of these violations prior to 5 May 2013; and that despite numerous demands by plaintiff, multiple issues with the location that existed prior to closing were not addressed by defendants, resulting in months of delay in plaintiff opening its business.

On 30 September 2014, defendants filed a verified answer to plaintiff's complaint, asserting three affirmative defenses of breach of contract, as well as waiver and estoppel, due diligence, and failure to join necessary parties. The answer

also included a motion to dismiss. On 18 February 2015, defendants filed an amended answer and motion to dismiss, ostensibly alleging (but containing no arguments concerning) the defenses of accord and satisfaction, estoppel, injury by fellow servant, and release and waiver. The motion for dismissal was specifically sought pursuant to Rules 12(b)(6) (failure to state a claim) and 12(b)(7) (failure to join necessary parties) of the North Carolina Rules of Civil Procedure.

In April of 2015, defendants filed a motion for summary judgment, alleging that no genuine issues of material fact existed, and a motion to compel plaintiff to respond to defendants' first set of interrogatories. Defendants also filed a request for production of documents, or alternatively to dismiss for failure to prosecute. Plaintiff filed a motion to continue trial, contending that no pre-trial conferences had been held, no pre-trial orders had been entered, and discovery was still ongoing.

On 29 April 2015, the trial court held a hearing on defendants' motion for summary judgment. At the close of the hearing, the trial court took the matter under advisement to provide the parties the opportunity to present supplemental materials and arguments regarding the validity of the purported verification of the complaint. These materials were due the following day, 30 April 2015. However, on 30 April 2015, plaintiff filed a notice of voluntary dismissal without prejudice.

On 7 July 2015, the trial court entered an order on defendants' motion for summary judgment, first noting that, subsequent to the hearing, plaintiff filed a

notice of voluntary dismissal. The trial court held that the notice of voluntary dismissal "does not divest this Court of ruling on [a] Motion for Summary Judgment, but the Court will consider any claims surviving the Motion for Summary Judgment to be voluntarily dismissed without prejudice." The trial court granted summary judgment in favor of defendants and dismissed plaintiff's claims with prejudice.

On 4 August 2015, plaintiff filed notice of appeal from the trial court's order granting summary judgment in favor of defendants. On 11 September 2015, the trial court entered an order extending the time in which plaintiff could serve the record on appeal.

Plaintiff appeals.

## II. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

## III. Analysis

Although plaintiff raises two arguments on appeal, they are both fundamentally the same argument, to wit: that the trial court erred in granting summary judgment in favor of defendants. We disagree.

A. Voluntary Dismissal

First, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants following plaintiff's filing of a notice of voluntary dismissal. "[A] plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief." *Roberts v. Young*, 120 N.C. App. 720, 726, 464 S.E.2d 78, 83 (1995). Plaintiff contends that it had not rested its case when the notice of voluntary dismissal was filed, and that it was therefore entitled to voluntarily dismiss the complaint at any time.

The pivotal issue is whether plaintiff had rested its case. This Court has previously held that, "[w]here a party appears at a summary judgment hearing and produces evidence or is given an opportunity to produce evidence and fails to do so, and the question is submitted to the court for decision, he has 'rested his case' within the meaning of Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure. He cannot thereafter take a voluntary dismissal under Rule 41(a)(1)(i)." *Maurice v. Hatterasman Motel Corp.*, 38 N.C. App. 588, 591-92, 248 S.E.2d 430, 432-33 (1978). Thus, the question is whether plaintiff had rested its case at the close of the 29 April 2015 hearing on defendants' motion for summary judgment.

Plaintiff contends that the hearing had not concluded. Specifically, plaintiff notes that the trial court chose to "take the matter under advisement[,]" and offered

the parties the opportunity "to provide . . . supplemental case law" to the court. However, upon examination of the transcript, we disagree.

At the hearing, plaintiff made extensive arguments that "what this complaint hinges on[] is whether these false and misleading representations were made[,]" and that this was a "clear-cut factual issue." Plaintiff asserted that "these factual issues would be better suited to be resolved at trial and not in a summary judgment issue." Defendants were permitted to respond, after which plaintiff spoke once again. When plaintiff's counsel finished speaking this time, counsel stated, "I have no further comments[.]" In response, the trial court stated the following:

> Um, I'm going to take the matter under advisement. I know time is of the essence, but I want to provide you an opportunity, if you choose, to provide for me supplemental case law solely on the issue of the validity of the purported verification in the complaint – of the complaint. Um, and I would like that by noon tomorrow.

Upon review, we find plaintiff's argument unconvincing. It is clear that plaintiff was afforded the opportunity to argue the issue of summary judgment, and in fact did so. At the conclusion of plaintiff's argument, plaintiff explicitly stated that it "[had] no further comments[,]" a phrase typically used to indicate that a party was resting its case. Further, the trial court foreclosed any further evidence, stating that the sole remaining matter before the court was the validity of plaintiff's purported verification. Given this context, we hold that plaintiff had, at the close of the hearing, rested its case. "[A]fter resting his case, a plaintiff forfeits the absolute right to take

- 7 -

a dismissal." *Pardue v. Darnell*, 148 N.C. App. 152, 155, 557 S.E.2d 172, 174 (2001). We hold that, because plaintiff had rested its case and lost its absolute right to voluntarily dismiss the case, the trial court did not err in entering an order on defendants' summary judgment motion.

This argument is without merit.

## B. Summary Judgment

Second, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants. Plaintiff contends, specifically, that the trial court erred in upholding defendants' objection to plaintiff's verified complaint.

In its argument on appeal, plaintiff contends that "[t]he Complaint sets forth facts with great specificity that would be admissible at trial[,]" and that "had the verified complaint been treated as an affidavit, . . . then there would have been genuine issues of material fact present warranting a denial of Defendants' Motion." However, plaintiff does not allege what *specific* issue of material fact would have been created were the complaint to be treated as an affidavit.

"A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982). "If the moving party meets this burden, the non-

moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." *Id.* Thus, the burden on plaintiff, at trial and now on appeal, is to show the existence of a genuine issue of material fact. Further, under this burden, "the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, as provided by Rule 56, set forth specific facts showing that there is a genuine issue for trial." *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 699, 179 S.E.2d 865, 867 (1971).

On appeal, plaintiff has the burden of establishing "specific facts showing that there is a genuine issue for trial." Plaintiff's argument, however, is purely procedural; plaintiff contends that the trial court erred in declining to treat its verified complaint as an affidavit. The only argument plaintiff offers on genuine issues of material fact is a passing, bare assertion that "there would have been genuine issues of material fact present[,]" absent any supporting explanation, arguments, or citations.

We hold that plaintiff has failed to meet its burden on appeal of demonstrating the existence of a genuine issue of material fact. Therefore, the trial court's order is affirmed.

AFFIRMED.

Judge DAVIS concurs.

Judge TYSON dissents in a separate opinion.

No. COA16-283 – *Allied Spectrum, LLC v. German Auto Center, Inc.*

TYSON, Judge, dissenting.

The majority's opinion concludes Plaintiff's voluntary dismissal without prejudice was ineffective to terminate the case and, consequently, the trial court continued to possess jurisdiction to determine whether summary judgment was appropriate. The majority next concludes Plaintiff did not meet its burden on appeal of demonstrating the existence of genuine issues of material fact. As such, the majority holds Plaintiff's argument the trial court erred in refusing to treat the verified complaint as an affidavit is immaterial. I disagree and respectfully dissent.

Plaintiff properly filed and entered its voluntary dismissal without prejudice prior to resting its case. *See Wesley v. Bland,* 92 N.C. App. 513, 515, 374 S.E.2d 475, 476-77 (1988) (holding plaintiffs had not rested where attorney took a voluntary dismissal in lieu of arguing). This entry of dismissal, prior to Plaintiff resting its arguments and the trial court's ruling on summary judgment, deprived the court of jurisdiction to enter the summary judgment order. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2015).

In the alternative, under *de novo* review, the order granting Defendants' motion for summary judgment was error, since Defendants failed to meet their burden of showing no genuine issues of fact existed to demonstrate they were entitled to judgment as a matter of law. Plaintiff's complaint was properly verified and is properly treated as an affidavit. The trial court erroneously concluded the pleadings, arguments, and affidavits failed to show any genuine issues of material fact. I vote

to reverse the trial court's order and remand for entry of Plaintiff's voluntary dismissal. In the alternative, I vote to reverse the trial court's entry of summary judgment for Defendants and remand for trial.

## I. Voluntary Dismissal

The majority's opinion asserts Plaintiff had rested its case at the close of the summary judgment hearing held on 29 April 2015. I disagree.

Under Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure, a plaintiff may file for a voluntary dismissal, without prejudice, any time before resting its case. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)(i) (2015); *see Roberts v. Young*, 120 N.C. App. 720, 726, 464 S.E.2d 78, 83 (1995) ("[A] plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief."). Rule 41 "offers a safety net to plaintiff or his counsel who are either unprepared or unwilling to proceed with trial the first time the case is called." 2 G. Gray Wilson, North Carolina Civil Procedure § 41-1, at 41-3 (3d ed. 2007).

If a plaintiff has rested its case, a voluntary dismissal without prejudice may only be entered by stipulation of the parties or by court order. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) and (a)(2) (2015). For the purposes of summary judgment,

> [t]he record must show that plaintiff has been given the opportunity at the hearing to introduce any evidence relating to the motion and to argue his position. *Having done so and submitted the matter to the [trial court] for determination*, plaintiff will then be deemed to have "rested his case" for the purpose of summary judgment and will be

> precluded thereafter in dismissing his case pursuant to
> Rule 41 during the pendency of the summary judgment
> motion.

*Wesley*, 92 N.C. App. at 515, 374 S.E.2d at 477; *see also Alston v. Duke Univ.*, 133 N.C. App. 57, 61-62, 514 S.E.2d 298, 301 (1999) (holding the plaintiff had not rested where the attorney took a voluntary dismissal after the court ruled on a related discovery motion, but before the attorney had argued against summary judgment); *but see Maurice v. Hatterasman Motel Corp.*, 38 N.C. App. 588, 591-92, 248 S.E.2d 430, 432-33 (1978) (holding the plaintiff could not enter a voluntary dismissal after the trial court signed the summary judgment order, but before the order had been filed).

Although Plaintiff in this case presented arguments and a verified pleading as an affidavit to the trial court at the summary judgment hearing on 29 April 2015, Plaintiff had not rested and the case was not submitted to the trial court for final determination. These facts are distinguishable from *Maurice*, wherein this Court held the purported voluntary dismissal was improper once the trial court had already signed the motion at the close of the summary judgment hearing. *Maurice*, 38 N.C. App. at 591-92, 248 S.E.2d at 432-33.

After Plaintiff's final response to Defendants' argument at the summary judgment hearing, the trial court did not rule and still questioned whether the complaint was properly verified. This query was a key issue in the ultimate

determination of summary judgment, as the verified complaint and Defendants' responses show genuine issues of material fact existed.

Instead of ruling on the summary judgment motion at the close of the hearing, the trial court expressly provided Plaintiff the opportunity to provide supplemental case law on the requirements of a verified complaint and left the matter open until noon of the next day. Rather than providing the case law or other authority and submitting the matter to the court for final determination, Plaintiff properly invoked the "safety net" provided in Rule 41(a)(1) and voluntarily dismissed its case without prejudice. *See* 2 G. Gray Wilson, North Carolina Civil Procedure § 41-1, at 41-3.

Since Plaintiff had not rested its case at the time it submitted and entered its voluntary dismissal, the trial court was divested of jurisdiction, and it had no power or authority to enter the order and grant Defendants' motion for summary judgment. *See Wesley*, 92 N.C. App. at 515, 374 S.E.2d at 477.

## II. Summary Judgment

The majority's opinion next asserts Plaintiff failed to meet its burden on appeal of demonstrating genuine issues of material fact and that the trial court did not err in granting summary judgment in favor of Defendants. I disagree.

We review an appeal from summary judgment *de novo. In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

4

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015). When considering a motion for summary judgment, the trial court views the evidence in a light most favorable to the nonmoving party and resolves all inferences against the moving party. *See In re Will of Jones*, 362 N.C. at 573, 669 S.E.2d at 576; *Baumann v. Smith*, 298 N.C. 778, 782, 260 S.E.2d 626, 628 (1979).

"Summary judgment is a somewhat drastic remedy, [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Draughon v. Harnett Cnty. Bd. of Educ.*, 158 N.C. App. 208, 211-12, 580 S.E.2d 732, 735 (2003) (internal quotation marks and citation omitted), *aff'd*, 358 N.C. 381, 591 S.E.2d 521 (2004).

North Carolina precedents consistently hold summary judgment is inappropriate "where matters of credibility and determining the weight of the evidence exist." *Id.* at 212, 580 S.E.2d at 735. For example, summary judgment is generally inappropriate in actions for fraud or other tortious conduct. *See Isbey v. Cooper Companies, Inc.*, 103 N.C. App. 774, 776, 407 S.E.2d 254, 256 ("Although summary judgment may be proper when absence of genuine issue is clearly established, summary judgment is generally improper in an action for fraud."), *disc.*

*review denied*, 330 N.C. 613, 412 S.E.2d 87 (1991); *Smith-Douglass, Div. of Borden Chemical, Borden, Inc. v. Kornegay*, 70 N.C. App. 264, 266, 318 S.E.2d 895, 897 (1984) ("Questions of fraudulent intent ordinarily go to the jury on circumstantial evidence, and summary judgment is usually inappropriate.").

A. Defendants' Burden on Summary Judgment

The majority's opinion addresses Plaintiff's burden on appeal without first addressing whether Defendant initially met its burden at trial. My review demonstrates Defendants failed to show no genuine issues of material fact existed.

Irrespective of which party has the burden of proof at trial, for the purposes of summary judgment, "[t]he movant always has the burden of showing that there is no triable issue of fact and that he is entitled to judgment as a matter of law." *Baumann v. Smith*, 298 N.C. 778, 781, 260 S.E.2d 626, 628 (1979); *see Draughon*, 158 N.C. App. at 212, 580 S.E.2d at 735. As the Supreme Court has held:

> If the movant's forecast [of evidence which he has available for presentation at trial] fails to do this, summary judgment is not proper, whether or not the opponent responds. . . . The evidentiary matter supporting the moving party's motion may not be sufficient to satisfy his burden of proof, even though the opposing party fails to present any competent counter-affidavits or other materials.

*Savings & Loan Ass'n v. Trust Co.*, 282 N.C. 44, 51-52, 191 S.E.2d 683, 688 (1972) (internal quotation marks and citations omitted); *see Baumann*, 298 N.C. at 781, 260 S.E.2d at 628.

In *Baumann*, this Court held the defendants failed to meet this burden when they submitted a supporting affidavit, which "merely reaffirmed certain paragraphs of the verified answer and stated that defendants entered into an agreement with [a third party.]" *Baumann*, 298 N.C. at 782, 260 S.E.2d at 628. This Court emphasized the defendants' affidavit "did not challenge or alter the fact that the complaint alleged, and the answer denied, the existence of a contract between the parties." *Id.* at 782, 260 S.E.2d. at 628-29. This Court held summary judgment was inappropriate, whether or not the plaintiff properly responded. *Id.* at 781-82, 260 S.E.2d. at 628-29; *see Savings & Loan Ass'n.*, 282 N.C. at 51-52, 191 S.E.2d at 688.

Upon *de novo* review, Defendants in this case failed to meet their burden of demonstrating no genuine issues of material fact existed. In support of their motion for summary judgment, Defendants submitted two affidavits. Like in *Baumann*, Defendants' affidavits merely re-affirmed statements and allegations contained within their amended answer, and each affidavit failed to provide any additional evidence in support of their motion for summary judgment. *See Baumann*, 298 N.C. at 782, 260 S.E.2d at 628.

The affidavit of Defendant-Reem Tamim Darar simply re-asserts the amended answer's denial that she "did not make any false or misleading statements to Plaintiff, its predecessors or their agents." Her affidavit confirms she exchanged an email communication with Plaintiff regarding Defendants' failure to respond to

7

Plaintiff's email, but asserts she had no "material communications" regarding the sale of the premises to Plaintiff. Her affidavit offers no substantive evidence to demonstrate that Ms. Darar is entitled to summary judgment and leaves open genuine issues of material fact of "material communications" for the jury. *See id.*

While Defendant-Mohamed Ali Darar's affidavit is slightly more detailed than Ms. Darar's affidavit, it is also a mere denial of allegations in Plaintiff's complaint, which were previously denied in Defendants' amended answer. The affidavit did not offer or assert any uncontested facts or provide any new or substantive evidence to show no genuine issues of material fact existed in the many claims Plaintiff asserted against Defendants. The affidavit also did not assert any facts to shift the burden back on to Plaintiff. Each of the Defendants' affidavits are ultimately nothing more than re-statements of what they previously denied in their amended motion to dismiss and answer and, in fact, now admit asserted, but disputed, communications, which occurred between the parties.

Furthermore, many of Plaintiff's claims against Defendants are based upon allegations of fraud. As noted previously, such claims are generally not appropriate for summary judgment. *See Isbey*, 103 N.C. App. at 776, 407 S.E.2d at 256; *Smith-Douglass*, 70 N.C. App. at 266, 318 S.E.2d at 897. Since the evidence presented must be viewed in the light most favorable to the Plaintiff, as the non-moving party, and since Defendants' affidavits operate as mere affirmations of statements previously

made in their amended motion to dismiss and answer, Defendants failed to meet their burden to show that no genuine issues of material fact existed to allow summary judgment to be appropriately entered against Plaintiff. *See Baumann*, 298 N.C. at 781, 260 S.E.2d at 628. The trial court erred in granting Defendants' motion for summary judgment.

### B. Verification of a Complaint and Complaint as Affidavit

Since we review summary judgment motions *de novo* and Defendants, in this case, did not meet their initial burden on summary judgment, the majority errs by holding Plaintiff failed to meet its burden on appeal to show that genuine issues of material fact existed and that Plaintiff's argument the trial court erred by refusing to treat the verified complaint as an affidavit is immaterial. *Baumann* and *Savings & Loan Ass'n* clearly state if the moving party does not meet its burden, then whether the non-moving party properly responds is immaterial. *See Savings & Loan Ass'n*, 282 N.C. at 51-52, 191 S.E.2d at 688; *Baumann*, 298 N.C. at 782, 260 S.E.2d at 628. However, I briefly address Plaintiff's arguments to show its complaint was properly verified and could be treated as an affidavit.

A verified complaint must contain a statement "that the contents of the pleading verified are true to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true. Such verification shall be by affidavit of the party[.]"

9

N.C. Gen. Stat. §1A-1, Rule 11(b) (2015). Plaintiff's complaint clearly meets this requirement.

Ms. Amin attached a separate, signed and notarized verification to the complaint, which stated "[t]hat the contents of the foregoing complaint are true to her *own knowledge*, except as to the matter stated on information and belief, and as to those matters she believes them to be true." (emphasis supplied). This language virtually mirrors the requirement for verification as listed in Rule 11. *Id.* Furthermore, as Plaintiff notes, this language was taken directly from *Thorp's N.C. Trial Practice Forms*. 1 Thorp's N.C. Trial Prac. Forms § 11:2 (7th ed.). This language has also repeatedly been upheld as sufficient to verify a complaint. *See e.g.*, *Bauer v. Douglas Aquatics, Inc.*, 207 N.C. App. 65, 69, 698 S.E.2d 757, 761-62 (2010); *In re Dj.L.*, 184 N.C. App. 76, 82, 646 S.E.2d 134, 139 (2007); *In re D.D.F.*, 187 N.C. App. 388, 390, 654 S.E.2d 1, 2 (2007).

Since the complaint is verified, the question becomes whether the verified complaint may be treated as an affidavit to rebut Defendants' motion at the summary judgment hearing.

Rule 56 of the North Carolina Rules of Civil Procedure does not allow an adverse party to:

> rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond,

> summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (2015). Our Supreme Court has held the purpose of these sentences "is to pierce *general allegations* in the non-movant's pleadings, Rule 56(e) does not deny that a properly verified pleading which meets all the requirements for affidavits may effectively set forth specific facts showing that there is a genuine issue for trial." *Schoolfield v. Collins*, 281 N.C. 604, 612, 189 S.E.2d 208, 212-13 (1972) (emphasis in original) (internal quotations and citations omitted).

A trial court may consider a party's verified complaint as an affidavit if it, "(1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." *Page v. Sloane*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (citations omitted). Generally, trial courts may not consider portions of an affidavit not based on the affiant's personal knowledge. *Moore v. Coachman Industries, Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 776 (1998).

This Court has held:

> [a]lthough a Rule 56 affidavit need not state specifically it is based on "personal knowledge," its content and context must show its material parts are founded on the affiant's personal knowledge. Our courts have held affirmations based on "personal[ ] aware[ness]," "information and belief," and what the affiant "think[s]," do not comply with the "personal knowledge" requirement of Rule 56(e). Knowledge obtained from the review of records, qualified under Rule 803(6), constitutes "personal knowledge"

within the meaning of Rule 56(e).

*Hylton v. Koontz*, 138 N.C. App. 629, 634-35, 532 S.E.2d 252, 256 (2000) (citations omitted), *disc. review denied*, 353 N.C. 373, 546 S.E.2d 603 (2001).

In *Charlotte-Mecklenburg Hosp. Authority v. Talford*, 366 N.C. 43, 49-50, 727 S.E.2d 866, 870-71, *reh'g denied*, 366 N.C. 248, 728 S.E.2d 354 (2012), the plaintiff submitted an affidavit from its Director of Revenue stating the amount the plaintiff charged the defendant was reasonable for the same reasons as stated in its verified complaint. The complaint was verified by the plaintiff's Manager of Patient Financial Service, Legal Accounts.

The Supreme Court held:

> These affidavits do not say expressly that the affiant is familiar either with the amounts other similar facilities charge for medical services or with various published billing regulations and guidelines. Nor do they provide itemized comparisons of the amounts plaintiff charged for a particular service and either the amounts other facilities charge for the same service or any applicable regulations or guidelines regarding such charges. *Nonetheless, because of the affiants' positions in plaintiff's organization, we may infer that they have the requisite personal knowledge of those matters and would be competent to give the testimony contained in their affidavits.*

*Id*. at 50, 727 S.E.2d at 871 (emphasis supplied). Although the Supreme Court noted the better practice is not to leave it to the court to make inferences, the Court held because of the affiants' position within the plaintiff's company, the verified complaint

12

met the three-prong requirement to be considered by the Court as an affidavit sufficient to oppose summary judgment. *Id.*

Here, the trial court did accept and treat portions of the verified complaint as an affidavit. While the trial court did not delineate which portions of the verified complaint it relied upon and which it did not, the court is not required to do so to determine summary judgment. *See In re Cook*, 37 N.C. App 575, 579, 246 S.E.2d 801, 804 (1978) ("Where both competent and incompetent evidence is before the trial court, we assume that the trial court, when functioning as the finder of facts, relied solely upon the competent evidence and disregarded the incompetent evidence." (citation omitted)).

Here, the trial court correctly held portions of the complaint may be treated as an affidavit. The statements made "upon information and belief" included within the verified complaint "do not comply with the 'personal knowledge' requirement." *Asheville Sports Properties, LLC v. City of Asheville*, 199 N.C. App. 341, 345, 683 S.E.2d 217, 220 (2009) . Contrary to Defendants' assertions the complaint is "replete" with allegations made upon information and belief, only eight of the nearly two hundred allegations were qualified with this or language similar to "made upon information and belief." *See id*. The remaining allegations in the complaint are based on Ms. Amin's personal knowledge and the complaint and its attached and

incorporated exhibits affirmatively show Ms. Amin was competent to testify concerning these matters.

First, many of the exhibits attached and incorporated into Plaintiff's complaint were personally signed by Ms. Amin in her role as a managing member and secretary of Plaintiff. These exhibits include the executed Offer to Purchase and Sale of Business Agreement, a list of inventory, a summary of payments from Plaintiff to Defendants, and the executed Triple Net Lease Agreement. Each of these exhibits serve as foundations and proof to support many of Plaintiff's claims against Defendants. Ms. Amin's signature on these documents demonstrates her personal knowledge of the issues and affirmatively shows that she is competent to testify on these matters.

Second, Ms. Amin's signature on the attached documentary exhibits shows she is competent to testify on the matters asserted within the verified complaint due to the authority of her position as a managing member of Allied Spectrum, LLC. As in *Charlotte-Mecklenburg Hosp. Authority*, the finder of fact may properly infer, by and from the nature of her position, that she was aware of the documents, business dealings, conversations, and transactions between Plaintiff and Defendants. This knowledge makes her competent to testify to those matters. *See Charlotte-Mecklenburg Hosp. Authority*, 366 N.C. at 49-50, 727 S.E.2d at 870-71. Ms. Amin has personal knowledge and is competent to testify to the allegations and statements

made in the verified complaint and the exhibits incorporated and attached thereto. *See id.* Plaintiff's verified complaint was properly treated as an affidavit by the trial court.

## III. Conclusion

"[A] plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief." *Young*, 120 N.C. App. at 726, 464 S.E.2d at 83. Plaintiff properly filed its voluntary dismissal without prejudice prior to resting its case. The trial court was deprived of jurisdiction to enter the summary judgment order.

Presuming the trial court retained jurisdiction after Plaintiff filed its dismissal, Defendants' affidavits failed meet or carry their burden to show no genuine issues of material fact existed. The majority's conclusion that Plaintiff did not meet its burden on appeal to show genuine issues of material fact existed is erroneous.

I vote to reverse the trial court's order granting Defendants' motion for summary judgment on the alternative bases set forth herein, and remand to either dismiss pursuant to Plaintiff's voluntary dismissal, without prejudice, or to calendar Plaintiff's asserted claims for trial. I respectfully dissent.